

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **GREATER NEW YORK MUTUAL INSURANCE COMPANY** t/o/u and t/u/o Unit Owners Association of Renaissance 2230 200 Madison Avenue New York, New York 10016 <br><br> Plaintiff, <br> v. <br><br> **KOLB ELECTRIC, INC.** 5901 Blair Road, NW Washington, DC 20001 <br><br> SERVE ON REGISTERED AGENT: Nora Baum, Esquire 2007 N. 15th Street, Suite 201 Arlington, Virginia 22201-2621 <br><br> **Defendant.** | Case No. 1:10cv937 LOG/TCB |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Greater New York Mutual Insurance Company, by and through its undersigned counsel, hereby brings this civil action against the Defendant, Kolb Electric, Inc., and states as follows:

### THE PARTIES

1. Plaintiff, Greater New York Mutual Insurance Company, is an insurance company organized under the laws of the State of New York with its principal place of business located in New York, New York.

2. Defendant, Kolb Electric, Inc. ("Kolb"), is a corporation organized under the laws of the State of Delaware with its principal place of business located in Washington, D.C.

## JURISDICTION and VENUE

3. The Plaintiff and the Defendant are citizens of different states, and the matter in controversy in this case exceeds the sum or value of $75,000, exclusive of interest and costs.

4. This Court, therefore, has jurisdiction over this action under 28 U. S. C. § 1332.

5. Venue is appropriate under 28 U. S. C. § 1391 (a) because a substantial part of the events or omissions giving rise to this lawsuit occurred in Falls Church, Virginia, and the property that is the subject of this action is located in Falls Church, Virginia.

## FACTS COMMON TO ALL COUNTS

6. The Units Owners Association of Renaissance 2230 is a 12-story condominium located at 2230 George C. Marshall Drive, Falls Church, Virginia 22043, which includes approximately 331 individually-owned residential units (hereinafter referred to as the "Renaissance").

7. The main electrical feed to the Renaissance is housed in the main power room on the first floor of the building.

8. In the main power room, the building's electricity is routed through four separate "bus ducts" (A, B, C and D), each of which carries electricity to various parts of the building.

9. Each of the four bus ducts services electricity to three floors and the units therein. The bus ducts run vertically through the floors of the building and are accessible by the power control rooms that are located on each floor. Each floor's power control room routes the electricity from the corresponding bus duct to the individual electric meters for each unit owner.

10. Each bus duct carries an extremely high amount of electricity.

11. On or about the evening of March 25, 2010 and the early morning hours of March 26, 2010, a partial power outage occurred at the Renaissance.

12. Representatives from Dominion Power responded to the area and determined that the source of the partial power failure was internal to the Renaissance, and not as a result of any electrical problems outside the building.

13. Accordingly, the Renaissance contacted Kolb to respond, identify, service and repair the electrical failure.

14. Representatives from Kolb arrived at the Renaissance during the early morning hours of March 26, 2010, and began their inspection of the Renaissance electrical system.

15. At all relevant times, Kolb's representatives were operating within the scope of their employment with Kolb, and/or as authorized agents of Kolb (hereinafter, Kolb and Kolb's representatives and agents are referred to collectively as "Kolb").

16. During its inspection of the main power room on the first floor, Kolb observed that two of the three fuses which service Bus Duct D had blown and required replacement.

17. Prior to replacing the fuses, Kolb failed to use the proper equipment and failed to run the proper tests to ensure that no deficiencies existed in the electrical system which could cause damage to the building once complete power was stored.

18. In fact, a serious fault existed in the bus ducts, which Kolb Electric failed to detect.

19. Had Kolb used the proper equipment and run the proper diagnostics to test the electrical circuits prior to replacing the fuses and restoring full power, it would have been able to locate, identify, and repair the fault in the bus ducts.

20. Instead, Kolb simply replaced the three old fuses with three new fuses and re-energized the electricity to Bus Duct D.

21. Immediately upon Kolb's re-energizing the electrical line, a tremendous overload occurred in Bus Duct D. As a result, an explosion occurred in the fifth floor power room at Bus Duct D.

22. As a result of the explosion, the bus ducts were severely damaged and fire spread throughout the fifth floor power room.

23. The fire resulted in the discharge of the fifth floor sprinkler heads in both the power room and the residential area.

24. As a result, the Renaissance sustained significant fire, smoke and water damage, as well as the damage to the electrical system from the overload and explosion.

25. At the time of the foregoing events, the Renaissance was insured by a commercial lines policy of insurance issued by the Plaintiff.

26. Plaintiff honored its contractual obligations under the insurance policy with its insured, the Renaissance, by making all necessary payments under the contract.

27. Plaintiff is, therefore, subrogated to the rights of its insured against Kolb to the extent of those payments.

## COUNT I - Negligence

28. Plaintiff adopts by reference each of the preceding paragraphs with the same effect as if fully set forth herein.

29. Kolb failed to adhere to the ordinary standards of care commonly used in the electrical industry when it improperly attempted to service and repair the Renaissance's electrical system.

30. Kolb owed a duty of care to the Renaissance to use the proper equipment, as is commonly used in the electrical industry for testing similar electrical systems, to diagnose and

locate the deficiencies in the electrical system, to repair the deficiencies without causing damage to the building, and to adhere to the ordinary standards of care that are commonly used in the electrical industry.

31. Kolb breached its duty to the Renaissance by carelessly and negligently using the wrong equipment to test and service the bus ducts, by failing to properly identify and isolate the deficiency in the electrical system, and by failing to take appropriate and customary measures to repair the deficiency prior to re-energizing the power.

32. As a direct and proximate result of Kolb's negligence, and without any negligence on the part of the Renaissance, the Renaissance sustained damages in excess of Five Hundred Thousand Dollars ($500,000).

WHEREFORE, Plaintiff Greater New York Mutual Insurance Company seeks judgment against Defendant, Kolb Electric, Inc., in excess of Five Hundred Thousand Dollars ($500,000), as to be proven at trial, plus interest and costs.

## COUNT II – Breach of Contract

33. Plaintiff adopts by reference each of the preceding paragraphs with the same effect as if fully set forth herein.

34. The Renaissance entered into a contract for services with Kolb for the inspection, service, and repair of the building's electrical system in regard to the aforementioned power outage, to wit: the Renaissance requested Kolb, and Kolb agreed in exchange for monetary payment, to inspect, service, and repair the building's electrical system in regard to the aforementioned power outage.

35. Kolb breached its contract with the Renaissance by improperly inspecting, servicing, and repairing the building's electrical system.

36. As a direct and proximate cause of Kolb's breach of contract, an explosion and fire occurred in the electrical system.

37. Consequentially, the Renaissance sustained damages in excess of Five Hundred Thousand Dollars ($500,000).

WHEREFORE, Plaintiff Greater New York Mutual Insurance Company seeks judgment against Defendant, Kolb Electric, Inc., in excess of Five Hundred Thousand Dollars ($500,000), as to be proven at trial, plus interest and costs.

## COUNT III – Breach of Warranty

38. Plaintiff adopts by reference each of the preceding paragraphs with the same effect as if fully set forth herein.

39. The Renaissance requested Kolb, and Kolb agreed in exchange for monetary payment, to inspect, service, and repair the building's electrical system in regard to the aforementioned power outage

40. Kolb expressly and impliedly warranted to the Renaissance that the work it performed would be of workmanlike quality.

41. Kolb breached those express and implied warranties by improperly inspecting, servicing, and repairing the building's electrical system.

42. As a direct and proximate cause of Kolb's breach of express and implied warranties, an explosion and fire occurred.

43. As a result, the Renaissance sustained significant damages in excess of Five Hundred Thousand Dollars ($500,000).

WHEREFORE, Plaintiff Greater New York Mutual Insurance Company seeks judgment against Defendant, Kolb Electric, Inc., in excess of Five Hundred Thousand Dollars ($500,000), as to be proven at trial, plus interest and costs.

## PRAYER FOR JURY TRIAL

Plaintiff respectfully requests that this matter be tried before a jury.

Respectfully submitted,
GREATER NEW YORK MUTUAL
INSURANCE COMPANY
*By Counsel:*

Craig D. Roswell (VSB No. 33091)
cdroswell@nilesbarton.com
M. David Stallings (VSB No. 79095)
mdstallings@nilesbarton.com
Niles, Barton & Wilmer, LLP
111 S. Calvert Street, Suite 1400
Baltimore, Maryland 21202
(410) 783-6300
(410) 783-6363 facsimile